IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J. TODD CHAPMAN,                          )
                          Plaintiff,      )
                                          )   Civil Action No. 10-88
        vs.                               )   U. S. District Judge Nora Barry Fischer
                                          )   Chief Magistrate Judge Amy Reynolds Hay
UNITED STATES COURT OF APPEALS            )
FOR THE THIRD CIRCUIT; et al.,            )
                          Defendants.     )


REPORT AND RECOMMENDATION


I.      Recommendation

        It is respectfully recommended that the complaint in the above-captioned case

[Dkt. 1] be dismissed for failure to prosecute.


II.     Report

        The plaintiff, J. Todd Chapman, filed the instant complaint against various

officials of the Commonwealth of Pennsylvania as well as private parties alleging that they have

violated a number of his constitutional and civil rights.

        On April 27, 2010, this Court issued an order directing plaintiff to complete

service and process pursuant to the requirements of Fed. R. Civ. P. 4 on or before May 27, 2010,

as well as file a completed selection form indicating whether he consented to have a United

States Magistrate Judge conduct the proceedings in the case.  Having failed to make service or

submit the requisite selection form, the Court issued an order on June 17, 2010, directing

plaintiff to show cause on or before June 30, 2010, why the case should not be dismissed for

failure to prosecute. To date, plaintiff has still failed to make service or submit the selection form or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders which are not only solely his personal responsibility but his failure to do so even six weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff.

Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. There is nothing to suggest that monetary sanctions are appropriate or that such sanctions would prompt plaintiff to make service of the complaint or submit the selection form so that the case may go forward. Indeed, having failed to respond to two court orders directing him to do just that, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & ©), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,


/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
Chief United States Magistrate Judge


Dated: July 9, 2010

cc:     J. Todd Chapman
        1308 Glenn Street
        Homestead, PA 15120